## Brown v. Hancock.

Where one of several defendants to an entire judgment, rendered against them on a contract which is joint, appeals for delay, he is responsible upon his appeal bond for the whole judgment; and is the only party to the judgment before the Court against whom there can be an affirmance with damages for the delay.

Error from Travis. The defendant in error, at the Fall Term, 1854, of the District Court, recovered judgment for 524 77-100 dollars, by default, against the plaintiff in error as maker of a promissory note, and another as indorser. The plaintiff in error sued out a writ of error, and citation was served on the defendant in error, on the 30th day of October. The defendant in error demanded and received the transcript of the record from the District Clerk on the 10th day of November, following, and filed it in this Court on the 13th, and on the same day gave notice to the plaintiff in error that he

would claim judgment at this Term of this Court. Judgment was rendered in this Court on the 20th of November, affirming the judgment of the District Court with damages for delay.*

*W. S. Oldham*, for plaintiff in error.

*J. A. & R. Green*, for defendant in error.

WHEELER, J.   Where judgment has been rendered against several co-defendants and one brings a writ of error or appeals, it is the general rule, where the judgment is entire, and there are not distinct judgments as to the parties defendant, or the parties have not distinct interests and the judgment operates to the prejudice of all, a reversal as to one shall operate a reversal as to all the defendants.  (Burleson v. Henderson, 4 Tex. R. 49.)  But where one of several co-defendants to an entire judgment, rendered against them on a contract which is joint, appeals for delay, he is responsible upon his appeal bond for the whole judgment; and is the only party to the judgment before the Court against whom there can be an affirmance with damages for the delay.  He and his sureties alone are responsible for the appeal and its consequences. The writ of error in this case was prosecuted by the defendant Brown alone.  His co-defendant did not join, and is not, therefore, a party before the Court upon this writ of error.   The writ was prosecuted manifestly for delay ; and the judgment must be affirmed against the plaintiff in error with damages.

Affirmed with damages.

* The fact that forty days after the service of the citation in error, had not elapsed when the judgment was affirmed, probably escaped the notice of the Court. REPS.